# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEPHEN PAUL JARRELL,

            Plaintiff,    :    Case No. 3:13-cv-343

                                   District Judge Walter Herbert Rice
- vs -                               Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF
  INVESTIGATION, et al.,

            Defendants.    :

## REPORT AND RECOMMENDATIONS

This is an action brought *pro se* by Plaintiff Stephen Paul Jarrell to recover damages from various federal agencies for wrongs done him in the past forty-two years. In his Amended Complaint Jarrell names as Defendants the United States Army, the United States Air Force, the Department of Veterans Affairs, the National Personnel Records Center, the United States Attorney for the Southern District of Ohio and the Attorney General of the United States (Doc. No. 4). He also seeks permanent injunctive relief "to order the Government to stop conspiring against me and/or members of my family." *Id.* at PageID 46. The Amended Complaint contains thirty-five separately numbered claims for relief.

Jarrell asserts this Court has subject matter jurisdiction under 42 U.S.C. § 1983. *Id.* at PageID 29.

**Previous Litigation**

In 1994 Jarrell sued the United States Army in this Court in Case No. C-3-94-275. In that case he sought to recover $5 million in damages for incidents which occurred during his enlistment in nineteen seventy-one including (1) altering and destroying records concerning an assault on him which occurred April 12, 1971; (2) denying medical treatment for head injuries which resulted from the assault; (3) fabricating a discharge physical and denying him access to a doctor at Fort Ord, California, on November 5, 1971; and (4) forging discharge documents on December 7, 1971, which were later used against him by the Army Board for The Correction of Medical Records and the Veterans Administration to deny him relief for his disabilities. (Decision and Order of October 11, 1994)(copy at PageID 79-84. In ordering dismissal of that case, this court found the following undisputed facts:

> Mr. Jarrell listed in the United States Army in 1971 and reported for basic training at Fort Jackson, South Carolina, on March 26, 1971. Within two weeks he had gone AWOL but his mother persuaded him to return. When he did so he alleges he received the beating which started the chain of circumstances about which he now complains.
>
> Whatever the Army did about the beating (there is factual dispute about the adequacy of both any investigation and medical treatment), Mr. Jarrell again went AWOL four days later. He was eventually arrested in the southwest and taken to Fort Ord, California, where he was offered and accepted a discharge in lieu of court-martial. His efforts to have his discharge upgraded through the Army Board for the Correction of Military Records have come to naught and his application(s) to the Veterans Administration have been denied on the basis of the character of his discharge.

*Id.* at PageID 82.

The 1994 case was brought under the Federal Tort Claims Act. The U.S. Army Claims Service denied Jarrell's FTCA claim, made on May 9, 1994, because it was untimely and because it was barred by the *Feres* doctrine. The Court found those two decisions were correct and dismissed the case with prejudice on October 10, 1994. Jarrell later appealed from this court's denial of his motion for relief from judgment, but the Sixth Circuit affirmed. *Jarrell v. United States Army*, 1996 U.S. App. LEXIS 18940 (6th Cir. 1996).

In the meantime, on November 9, 1994, Jarrell filed a new case in this court, C-3-94-463, alleging a conspiracy on the part of United States Air Force in 1972 and 1973 for altering his records. Because those claims could have been brought in the prior case, the Magistrate Judge recommended dismissal with prejudice as barred by collateral estoppel (Report and Recommendations of November 10, 1994)(copy at PageID 85-88). Judge Rice adopted that recommendation and an appeal to the Sixth Circuit was dismissed for want of prosecution.

On April 14, 1995, Jarrell's relatives, Maxine and Richard Jarrell, filed another suit arising out of the same circumstances. This third suit was also dismissed with prejudice, this time by Judge Beckwith and the Sixth Circuit affirmed. *Jarrell v. United States*, 1997 U.S. App. LEXIS 2493 (6th Cir. Feb. 11, 1997)(holding complaint barred by *res judicata*).

Jarrell next filed suit in this Court against the National Personnel Records Center on December 9, 2011 (Case No. 3:11-cv-434). Chief Magistrate Judge Ovington recommended on September 23, 2013, that the case be dismissed. Judge Rice adopted that recommendation when Jarrell failed to object. The case was dismissed on October 24, 2013, and no appeal has been taken.

**Claims Against the United States Army**

    **Claims 1, 2, 3, 4, 5, 6, 16, 17, 18, and 19**

    The Amended Complaint does not disclose which of the Defendants is alleged to be responsible for which of the thirty-five claims.  The United States Attorney, representing all Defendants, analyzes Claims 1, 2, 3, 4, 5, 6, 16, 17, 18, and 19 as being made against the United States Army and asserts that they should be dismissed as barred by *res judicata* collateral estoppel, the *Feres* doctrine, and the applicable statute of limitations  (Motion, Doc. No. 10, PageID 69).

    While Jarrell makes some response related to the *Feres* doctrine and an argument that all Defendants and perhaps other government agencies are conspiring against him, he makes no response to the *res judicata* argument.  All of the claims made in Claims 1, 2, 3, 4, 5, 6, 16, 17, 18, and 19 were available to Jarrell when he first filed suit in 1994 and either were made then or could have been made in that suit.

    ... [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877).  The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948), diverged from in *Montana v. United States*, 440 US. 147 (1979).

    *Res judicata* "extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which

4

the cause of action arose.'" *Hamilton's Bogarts, Inc., v. Michigan,* 501 F. 3d 644 (6th Cir. 2007), quoting *Walker v. General Tel. Co.,* 25 F. App'x 332, 336 (6th Cir. 2001).

Because all of Jarrell's claims against the United States Army were or should have been litigated in his prior case against the Army, Claims 1, 2, 3, 4, 5, 6, 16, 17, 18, and 19 should be dismissed with prejudice as barred by *res judicata*.

**Claims 8, 25, 28, 33, and 34**

Defendants also analyze Claims 8, 33, and 34 as made against the United States Army and assert that they are barred because Jarrell has never made an administrative claim under the Federal Torts Claims Act ("FTCA") for these claims and, in any event, the two-year FTCA statute of limitations has long since expired on these claims (Motion Doc. No. 10, PageID 71). Plaintiff makes no response.

As the United States points out, filing an administrative claim under the FTCA is a jurisdictional prerequisite to a damages suit under the FTCA. *Bumgardner v. United States*, 469 Fed. App'x 414 (6th Cir. 2012). Since Jarrell has not presented these claims as required by the FTCA and it is now far too late to do so, Claims 8, 25, 28, 33, and 34 should be dismissed for lack of subject matter jurisdiction and as barred by the statute of limitations.

**Claim Against the National Personnel Records Center**

Defendants analyze Claim 27 as made against the National Personnel Records Center and Plaintiff does not dispute that analysis. Any claim against that entity is barred, under the doctrine of *res judicata*, by the final judgment in Case No. 3:11-cv-434.

5

**Claims Against Unknown Government Agents**

Defendants analyze Claims 23, 24, 26, 29, 30, and 31 as made against unknown persons from unknown government agencies.  What is known about these persons is that all of their actions against Plaintiff are alleged to have taken place at various dates between March 2, 1979, and December 21, 1987.  Accordingly the United States asserts all such claims are barred by the statute of limitations (Motion, Doc. No. 10, PageID 73).

Plaintiff claims that he has just recently discovered those wrongful actions, but he does not say when.  The latest date on which he could have discovered the documents in the course of 3:11-cv-434 was when discovery was complete in that case, which happened more than six months ago.  Yet Plaintiff shows no evidence that he has submitted any of these claims administratively under the FTCA.  These claims should therefore be dismissed for lack of subject matter jurisdiction.

**Claims Against the Federal Bureau of Investigation**

Defendants analyze Claims 7, 9, 12, 13, 14, and 15 as made against the Federal Bureau of Investigation (Motion, Doc. No. 10, PageID 75).  Plaintiff does not dispute that characterization. Defendants argue that all of these claims are barred for failure to file an administrative claim and by expiration of the two-year statute of limitations.  Plaintiff makes no response and these claims should therefore be dismissed with prejudice as barred by the statute of limitations.

**Claims Against the United States Air Force**

Defendants analyze Claims 10, 11, 20, and 21 as made against the United States Air Force (*Id.*) and Plaintiff does not dispute that characterization.

In Claims 10 and 11, Plaintiff asserts that while he was AWOL the second time in 1971 he was staying in the basement of the Chief of Military Police at Fairchild Air Force Base and the Office of Special Investigations did not arrest him for being AWOL and the failure to arrest him was somehow pursuant to a conspiracy to violate his Fourteenth Amendment rights (Doc. No. 4, PageID 35-36).

There is no Fourteenth Amendment right to be arrested.  Even if there were, it would not apply to the Office of Special Investigations because the Fourteenth Amendment only applies to state action, not action by federal officers.  These two claims do not state a claim upon which relief can be granted.  Moreover, more than forty years has expired since these events occurred.  Claims 10 and 11 should therefore be dismissed as barred by the statute of limitations.

Claim 20 is that Air Force doctors overprescribed medications for his mother between April 1971 and May 1975.  Jarrell lacks standing to raise such a claim on his mother's behalf.  Moreover, any such claim is barred by the statute of limitations and should be dismissed with prejudice.

In Claim 21 Jarrell asserts his mother's Air Force doctor asked him questions "probing me to find out if I could point to any cause and effect for the medical problems I was suffering from."  Jarrell calls this "spying," but does not complain of any secretive behavior on the doctor's part.  More importantly, these events occurred almost forty years ago and any claim should therefore be dismissed with prejudice as barred by the statute of limitations.

**Claims Against the Department of Veterans Affairs**

Defendants analyze Claims 22 and 32 as made against the Department of Veterans Affairs (Motion, Doc. No. 10, PageID 76) and assert these claims are also barred by failure to file an administrative claim under the FTCA and by expiration of the statute of limitations. These defenses are obviously well taken.

**Claims Against the United State Attorney**

In Claim 35 Jarrell asserts that Assistant United Patrick Quinn presented false and misleading statements to this Court in the 1994 case. Any such claim is barred by collateral estoppel as this Court has already credited the accuracy of statements made by Mr. Quinn, the issue was litigated in the motion for relief from judgment in that case, and finally resolved against Jarrell when the Sixth Circuit affirmed denial of the Fed. R. Civ. P. 60(b) Motion.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Amended Complaint herein be DISMISSED WITH PREJUDICE.

December 26, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).