# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEPHEN PAUL JARRELL,

                Plaintiff,     :     Case No. 3:13-cv-343

                                    District Judge Walter Herbert Rice
-  vs  -                          Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF
  INVESTIGATION, et al.,


                Defendants.     :

## REPORT AND RECOMMENDATIONS ON MOTION FOR NEW TRIAL

      This case is before the Court on Plaintiff's Motion for New Trial (Doc. No. 18).  This is a post-judgment motion deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) and requiring a report and recommendations.

      Plaintiff purports to bring the Motion under Fed. R. Civ. P. 59(a)(2) which provides for reopening the evidence when a case has been tried without a jury.  No trial was held in this matter, so Fed. R. Civ. P. 59(a)(2) is inapplicable.  The Magistrate Judge will consider the Motion as if made under Fed. R. Civ. P. 59(e)  as a motion to amend the judgment.

      In the Amended Complaint in this case, Jarrell made claims against the United States Army, the United States Air Force, the Department of Veterans Affairs, the National Personnel Records Center, the United States Attorney for the Southern District of Ohio and the Attorney

1

General of the United States (Doc. No. 4).  The Magistrate Judge recommended all claims be dismissed with prejudice and Judge Rice dismissed the case on that basis (Doc. Nos. 13, 16, 17).

In the body of the Motion for New Trial, Jarrell claims that the Department of Veterans Affairs violated 38 U.S.C. § 5103A; 38 C.F.R. 3.103(a), (c), and (d); 38 C.F.R. 3.155(a); 38 U.S.C. § 5107(b); 38 C.F.R. 3.102; 38 U.S.C. § 3007(a); 38 U.S.C. § 5104; 38 C.F.R. 3.103(f); and 38 U.S.C. § 7105(d)(1).

The only claims made against the Department of Veterans Affairs in the Complaint in this case are

> **Claim Number 22.**  On August 30, 1978 an unknown person forged my signature and submitted an inaccurate and incomplete application for V.A. benefits.  A clear deprivation of my rights under "color of law."
>
> **Claim Number 35.**  On or about November 16, 1989 the Regional Director of the Veterans Administration Phillip J. Ross knowingly made false statements to my Congressman Mike Dewine.  This was a deprivation of my right under "color of law."

(Complaint, Doc. No. 1, PageID 13, 17.)

As can be readily seen, the claims made in the Motion for New Trial do not bear any obvious relation to Claims 22 and 32.  That is, the claims now made in the Motion for New Trial were not before the Court at the time it entered judgment and the judgment cannot therefore be said to be in any way in error for failing to address those claims.

A motion under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).  Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id.*

The Motion for New Trial should therefore be DENIED.

February 19, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).